UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:15-cr-115-FtM-38CM

ZACHARIAS ABAB AGUEDO

### ORDER[1]

This matter comes before the Court on the Defendant Zacharias Abab Aguedo's Objection and Appeal to the United States District Court of the Honorable Magistrate Judge's Detention Order (Doc. #75) filed on September 29, 2015. The Government filed its Response in Opposition (Doc. #82) on October 9, 2015. The Motion is fully briefed and ripe for the Court's review.

### BACKGROUND

On September 2, 1015, a federal grand jury issued a six count indictment against the Defendant, Zacharias Abab Aguedo and his co-defendants. Aguedo was charged with knowingly and willfully combining and conspiring to possess with intent to distribute a kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(i) (Count I), and possession with intent to distribute and aid and abet such possession of heroin in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C) (Count 5).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On September 16, 2015, United States Magistrate Judge Carol Mirando held a detention hearing in this matter. In her decision detaining Aguedo, Magistrate Judge Mirando relied on the Government's proffer which included: Defendant's prior criminal convictions; at least two failures to appear; two violations of probation; a long history of addiction; distribution of controlled substances; engaging in criminal activity while on supervised release; lack of financial ties to the community; no employment; no stable residence; the pretrial services report, and the presumption of detention based upon the amount of narcotics and potential sentence if convicted at issue in this case. The Magistrate Judge also heard argument from the Defense.

After hearing the Government's proffer and Defendant's arguments, Magistrate Judge Mirando found that Defendant would be a risk of flight and a danger to the community and ordered him detained pending trial. Defendant objects to Magistrate Judge Mirando's Order detaining him and now appeals her decision to the United States District Court. For the reasons stated herein, this Court will uphold the Magistrate Judge's Order of Detention pending trial.

## **STANDARD OF REVIEW**

When requested, the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. United States v. Garcia-Enriquez, No. 2:15-CR-95-FTM-38MRM, 2015 WL 5159129, *2 (M.D. Fla. Sept. 2, 2015); U.S. v. Arevalo, 2013 WL 625041, *2 (M.D. Fla. February 19, 2013) (citing U.S. v. King, 849 F.2d 485 (11th Cir.1988)). A district court reviews *de novo* a magistrate judge's pre-trial release order. U.S. v. Megahed, 519 F.Supp.2d 1236, 1241–1242 (M.D.Fla.2007) (citing U.S. v. Hurtado, 779 F.2d 1467, 1481 (11th Cir.1985)). Review by the district court

contemplates an "independent consideration of all facts properly before it," Megahed, 519 F.Supp.2d at 1241 (citing U.S. v. Gaviria, 828 F.2d 667, 670 (11th Cir.1987) (citing Hurtado, 779 F.2d at 1480–81)). If the district court concludes after a careful review the magistrate judge's findings of facts based on both the parties' papers and the evidence presented at the detention hearing, and the magistrate judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial [release] order." U.S. v. King, 849 F.2d 485, 490 (11th Cir.1988). However, if necessary to the resolution of an essential issue of fact, the district court may marshal further evidence by convening a hearing. Megahed, 519 F.Supp.2d at 1242.

## **DISCUSSION**

Defendant objects to the Court's Detention Order arguing that he desired to cross examine the Government's case agent but was not allowed to do so by the Magistrate Judge. Instead of taking testimony, the Magistrate Judge relied on the Government's proffer. Defense Counsel further avers that the Government offered no proof at the hearing of the charges in the indictment that his client possessed with the intent to distribute a specified quantity of heroin and participated in a conspiracy to distribute same.

The Bail Reform Act expressly and specifically permits a defendant to proceed by way of proffer, but is silent as to whether the Government may do so. 18 U.S.C. § 3142(f); U.S. v. Cooper, No. CRIM. BEL–08–0239, 2008 WL 2331051, at *1 (D. Md. June 4, 2008). In the Eleventh Circuit, the Government, as well as the defense, "may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing." U.S. v. Gaviria, 828 F.2d 667, 669 (11th Cir.1987). But "[i]t is the Court and not the government that determines whether proceeding by proffer is acceptable in

3

a given detention hearing." U.S. v. Coma, 2014 WL 129296 * 2 (S.D. Fla. January 14, 2014) (citing U.S. v. Hammond, 44 F.Supp.2d 743, 744 (D.Md.1999) (emphasis supplied). Gaviria does not stand for the rule that *only* proffers are permitted, nor does it preclude the presiding judicial officer from exercising discretion and requesting live testimony or adopting a procedure consistent with the statute.

The legislative history of the statute confirms Congress' intent that the information upon which the judicial officer makes his findings need not be sworn testimony, and that the hearing is not designed to afford defendants a discovery device. Thus, in providing that the finding of substantial probability is to be based upon information presented 'by proffer or otherwise,' the House report anticipates 'that, as is the present practice under the Bail Reform Act, ... the use of sworn testimony will be the exception and not the rule....' [B]ail hearings under the Bail Reform Act, which frequently result in detention of the accused, proceed primarily by way of proffers. They are not formal trials requiring strict adherence to technical rules of evidence. *If the court is dissatisfied with the nature of the proffer, it can always, within its discretion, insist on direct testimony.* But discretion should be left to the court without imposing on it the burden of limiting admissibility to that it would permit a jury to hear. Gaviria, 828 F.2d at 669 (emphasis in original).

Contrary to Defendant's arguments, Magistrate Judge Mirando was not required to take testimony at the detention hearing nor was she required to take evidence regarding the guilt or innocence of Aguedo. Magistrate Judge Mirando acted within the scope of her discretion when she relied on the Government's proffer in making her determination to detain Aguedo. Id. ; Coma, 2014 WL 129296 at * 2 (holding that in the Eleventh Circuit, the Court determines whether proceeding by proffer is acceptable).

Based upon the evidence proffered by the Government at the pretrial detention hearing, and based upon a thorough review of the record before the Court, this Court affirms the Magistrate Judge's Order of Detention.

Accordingly, it is now

**ORDERED:**

(1) The Defendant Zacharias Abab Aguedo's Objection and Appeal to the United States District Court of the Honorable Magistrate Judge's Detention Order ([Doc. #75](Doc. #75)) is **OVERRULED.**

(2) The Magistrate Judges Detention Order is **AFFIRMED**.

(3) The Defendant, Zacharias Abab Aguedo is remanded to the custody of the United States Marshals Service and ordered detained pending further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this October 23, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record